MULNIX, STATE TREASURER, v. THE MUTUAL BENEFIT
LIFE INSURANCE COMPANY.

**CASE FOLLOWED.**
The controlling features in this case being the same as those in *Mulnix
v. Insurance Co.*, *ante*, p. 71, the judgment is reversed for the rea-
sons there given.

*Error to the District Court of Arapahoe County.*

THE ATTORNEY GENERAL, Mr. H. T. SALE and Mr. W. J.
THOMAS, for plaintiff in error.

Mr. F. A. WILLIAMS, Mr. A. M. STEVENSON and Mr. A. S.
BLAKE, for defendant in error.

PER CURIAM. The warrant involved in this proceeding,
the payment of which the defendant in error as petitioner
below seeks to enforce by writ of mandamus, was drawn by
the state auditor upon the state treasurer in favor of Graham
& Webber on account of furniture supplied by them to the
secretary of state for the legislative department of the gov-
ernment.

Before it was presented for payment to the treasurer by
the petitioner, to whom it had theretofore been indorsed, the
general assembly had made an appropriation to pay it, and
the money therefor was then, and now is, in the state treas-
ury.

To the petition a number of defenses were pleaded tend-
ing to render void the warrant, but in the disposition we are
compelled to make of the case it becomes entirely unneces-
sary to consider them.

With this cause were argued in this court two others,
already decided at this term, between the same parties (*ante*,
p. 71, and *ante*, p. 81), all of which were said to involve
the same or similar questions of law; but, as appears in the

decisions referred to, and as this opinion shows, owing to the differences in the records brought up to this court for review, one of the cases (relating to the Collier & Cleaveland warrant) presents the single question of the effect of the production in evidence of a state warrant, valid and regular on its face, with nothing in the record to impair its validity; while the other two cases (the one at bar and the one concerning the so-called Lawrence & Co. warrant) fairly and fully present the question as to the validity of a contract for furnishing supplies to the state, made by the secretary of state in disregard of the provisions of the constitution and the statute.

In the Lawrence & Co. case the answer contained an allegation of certain facts, admitted to be true by the replication, which we held rendered the contract void. In the case at bar, the petitioner, in its petition, avers that the goods for which this warrant was issued were purchased by the secretary of state of Graham & Webber, in the open market, and not under a contract let to them as the lowest bidders, in response to an advertisement for bids. The excuse given was that an advertisement had been made and no bids received, and as the session of the general assembly was near at hand, it was necessary that its apartments be supplied with furniture.

From the foregoing statements it will be seen that the doctrine laid down in the case of the Collier & Cleaveland warrant (*ante*, p. 81) is inapplicable; for in that case there was nothing in the record before this court to cast a cloud upon the warrant. Here, however, from the petition itself it appears that the contract of purchase, in pursuance of which the warrant was issued, was made in violation of the express provisions of the law. This brings the case squarely within the principle of our decision upon the Lawrence & Co. warrant (*ante*, p. 71).

When the respondent interposed his motion in the case at bar to dismiss the proceedings, the same ruling thereupon should have been made as though the hearing were upon a

demurrer to the petition on the ground that the facts stated did not constitute a cause of action. Had such a demurrer been filed, it should have been sustained, for the illegality of the contract in question appears from the allegations of the petition itself. In the Lawrence & Co. case the illegality appeared by the admissions of the petitioner made in its replication to the respondent's answer. But it is immaterial how such a fact is made to appear. If it is in the record, either by way of evidence, or as an admission in the pleadings, or at the trial, it operates to vitiate the contract.

The reasons for our conclusion as to the character of this contract are found in the opinion already referred to (*ante*, p. 71), and, following the decision in that case, the judgment here is reversed and the cause remanded with directions to dismiss the proceeding.

*Reversed.*